### WELLS v. TOWN OF CHAZY.

(Supreme Court, Appellate Division, Third Department. May 4, 1904.)

1. TOWNS—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

In an action against a town for death owing to the alleged negligence of the commissioner in leaving an end of a platform unguarded, evidence *held* insufficient to show that deceased fell from the unguarded portion of the platform.

Appeal from Special Term.

Action by Delia Wells, as administratrix of George Wells, deceased, against the town of Chazy. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

T. F. Conway, for appellant.
L. L. Shedden, for respondent.

PER CURIAM. Without considering the question whether the town is liable in this case for any negligent act of its commissioner concerning the platform in question, we are of the opinion that the

plaintiff did not establish that the deceased came to his death by falling over the edge of the platform which the commissioner had left open and unprotected. It is apparent from the evidence that it is just as probable that the deceased fell off the south side of the platform, where the steps were located, as that he walked to the east end and fell off at that point. The usual way, and the only one which had been used for nearly a year, was to turn to the right at once on passing through the front door, and go off the platform down the steps that were located on the south side, and there is not a particle of evidence that the deceased did not do so. A fall there would injure him as badly as he appears to have been injured, and the locality there indicates that on a dark and rainy night he was more than likely to fall in an attempt to go down those steps, and he would be as likely to get under the platform, and to the place where he was found lying, from a fall at that point, as if he had fallen off the east end, which the commissioner had left unprotected. If, from the evidence, it is as probable that he fell off the south side as that he fell off the east end, a recovery could not be had on account of the commissioner's act; and, from the evidence in the case, the jury could only guess upon that question had it been submitted to them. For this reason alone, the nonsuit was proper, and should be sustained.

The judgment should be affirmed, with costs.